POWELL, ETC., v. DURR, AUDITOR, ET AL.

*Taxation — Revaluation of real estate — Parrett-Whittemore law — Authority of county auditor — Injunction by landowner — Judgment as to unnamed plaintiffs.*

1. Under Sections 2 and 3 of the Parrett-Whittemore law (106 O. L., 246) the county auditor did not have the power to revalue real estate, but such revaluation could only be made through the assessors.

2. Where a property owner, on his own behalf and "on behalf of numerous other landholders," brings an action to enjoin the county treasurer from the collection of a tax, and such other landowners are not named nor their properties set forth with certainty, the court can not enter a judgment in such action in favor of such other landholders.

(Decided April 30, 1917.)

APPEAL: Court of Appeals for Hamilton county.

*Messrs. Powell & Smiley,* for plaintiff.

*Mr. John V. Campbell,* prosecuting attorney, and *Mr. Smith Hickenlooper, Mr. Henry G. Hauck* and *Mr. Louis H. Capelle,* assistant prosecuting attorneys, for defendants.

HAMILTON, J.    The plaintiff brought this action on his own behalf, and "on behalf of numerous other landholders of the Village of Cheviot," against the defendants, Peter W. Durr, auditor of Hamilton county, Ohio, and Charles Cooper, treasurer of Hamilton county, seeking to enjoin said treasurer from the collection of taxes in excess of taxes based on the assessment appearing upon the duplicate for the year 1915, except as to increase by reason of additions or construction of buildings,

and to enjoin said treasurer from listing said property upon delinquent tax list, etc., and praying, further, for a mandatory injunction directing the said auditor to restore the tax duplicate of the village of Cheviot for the year 1916 with the assessed valuations of real property as shown by the last decennial appraisement.

The defendants filed a general demurrer to the petition, which was overruled, and judgment was rendered by the lower court in favor of plaintiff as prayed for. From this judgment defendants appeal to this court.

It appears that the auditor during the month of August, 1916, made an attempted revaluation of the real estate of said village of Cheviot, through his deputies, and greatly increased the valuation thereof. It is not claimed that the new valuation was made through any assessor or his assistant, but was done by the auditor as his own act.

While the revaluation complained of was made under the Parrett-Whittemore law, which is admittedly unconstitutional, and there may be some question as to the validity of acts performed under that law, we do not find it necessary to pass upon this phase of the case since we are of the opinion that the Parrett-Whittemore law did not give the auditor the power exercised in making the revaluation complained of.

The defendants claim this power was given the auditor by Sections 2 and 3 of the Parrett-Whittemore law, but that these sections must be read in connection with the whole taxing law to construe the meaning and power intended to be given.

It is not necessary to review the provisions of the statute, but is sufficient to say that if this power was given to the auditor there would be no reason for the taxing machinery, such as assessors, assistants, etc. The auditor could on his own motion take any particular piece of property in the county, without regard to uniformity, and arbitrarily place a value thereon. We are of the opinion that revaluation made under this law could only be made through the assessors as provided, and that the auditor's powers were only supervisory.

In the case of *Zangerle, Auditor,* v. *Thompson,* 95 Ohio St., 262, the supreme court laid particular stress upon the qualifications of the assessors, in the following language:

"Section 17 of the Parrett-Whittemore act (106 O. L., 250) provides that an assessor shall be a citizen possessing the qualifications of an elector of such ward or district; and Section 18 of the same act provides that the assistant assessor shall possess all the qualifications of an elected assessor.

"These sections of the law are mandatory and specifically require that the assistant assessor shall be an elector of the ward or district selected for appraisal. In providing for this feature the general assembly may well have had in mind a policy of requiring a resident elector to be appointed to assess property within a specified district, since a resident would have a better knowledge of conditions and values of property than a nonresident; and, as showing the solicitude of the general assembly upon that subject, by Section 22 of the same act it provided that in case of a vacancy in the office of assessor such vacancy

should be filled by the appointment of an elector of such ward or district."

This indicates that assessments could only be made by duly qualified assessors.

In view of the unconstitutionality of the Parrett-Whittemore law there can be no remedy available to plaintiff in the form therein provided, and his only remedy is an appeal to a court of equity. It therefore follows that the judgment of the court will be entered in favor of the plaintiff, John Powell.

While the plaintiff in his petition undertakes to bring this suit on his own behalf, and on behalf of numerous resident landowners of the village of Cheviot, the value of whose lands has been increased in a manner similar to that of plaintiff, these property holders are not named nor are their properties set forth with sufficient certainty in the petition for the court to enter a judgment as to same, and in so far as the court below undertook to render such judgment it must be held ineffective. It may, however, be well said that the same holding would apply to other owners of real estate similarly situated and under like conditions as that of plaintiff, if properly brought before the court, and the county officials would be fully justified in treating all such property holders in like manner and in making remits in their favor without compelling them to resort to the courts in independent suits, thus making unnecessary costs against the county.

*Judgment for plaintiff.*

JONES, P. J., and GORMAN, J., concur.